# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY LEE WILBOURN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-01836-AMM-SGC |
| | ) | |
| DEBORAH TONEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on July 14, 2020, recommending the court deny Gary Lee Wilbourn's petition for a writ of habeas corpus as untimely. (Doc. 13). The magistrate judge further recommended the court deny a certificate of appealability. (*Id*. at 9-10). On September 23, 2020, Wilbourn filed objections to the report and recommendation. (Doc. 16).

In his objections, Wilbourn restates his position that his untimeliness is attributable to his appellate counsel's delay in notifying him the criminal appellate court had affirmed his convictions, as well as the delay he experienced in receiving the court record. (*Id.* at 2, 5). According to Wilbourn, it was not until August 15, 2016, after he filed a bar complaint against his appellate counsel, that counsel notified him the Alabama Court of Criminal Appeals had affirmed his convictions. (Doc. 1 at 37-38, 54-56; Doc. 6 at 1-2). Wilbourn further asserts it took an additional two months, or until approximately October 15, 2016, for him to receive a copy of

the court record.  (Doc. 6 at 2).  However, under 28 U.S.C. § 2244(d)(1)(A), Wilbourn had until January 2017 to file a federal habeas petition.  (Doc. 13 at 6). Even taking into consideration appellate counsel's delay in notifying Wilbourn his appeal had been denied, as well as the delay Wilbourn experienced in receiving the court record, Wilbourn does not allege in his petition or objections what attempts he made to file a timely federal habeas petition between October 2016 and January 2017, or what extraordinary circumstances prevented him from doing so.  *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (holding prisoner failed to show he acted with reasonable diligence where he did not present any evidence showing what efforts he undertook to attempt to timely seek federal habeas relief). Accordingly, Wilbourn is not entitled to equitable tolling.

To the extent Wilbourn alleges he is actually innocent as a means to overcome the expiration of the statute of limitations, he has not identified any "new evidence" that was previously unavailable to him at the time of his trial to support a claim of actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding actual innocence, if proved, serves as a gateway allowing a habeas petitioner to overcome a procedural bar or expiration of the statute of limitations); *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995) (a successful actual-innocence gateway claim requires a petitioner to support his allegations of constitutional error "with new

reliable evidence" that was not presented at trial). Thus, the "actual innocence" exception does not apply to overcome the one-year statute of limitations.

After careful consideration of the record in this case, including the magistrate judge's report and Wilbourn's objections thereto, the court **OVERRULES** Wilbourn's objections, **ADOPTS** the report of the magistrate judge, and **ACCEPTS** her recommendation. In accordance with the recommendation, the court denies Wilbourn's petition for a writ of habeas corpus as untimely.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (internal quotations omitted). The court finds Wilbourn has failed to make the requisite showing. Therefore, the court denies a certificate of appealability.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this 30th day of September, 2020.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE